# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>ROSARIO DELGADILLO,<br><br>　　　　　Defendant. | CASE NO. 13-cv-1269-MMA-WVG<br><br>**ORDER REMANDING ACTION TO STATE COURT** |

On May 31, 2013, Defendant Rosario Delgadillo filed a notice of removal from the State of California, Superior Court for the County of San Diego. The state court complaint alleges a claim against Delgadillo and Does 1 to 50 for unlawful detainer. Having reviewed Delgadillo's notice of removal, the Court finds it does not have subject matter jurisdiction over this action and the removal is procedurally defective. The Court therefore **REMANDS** this action to San Diego County Superior Court.

### DISCUSSION

The federal court is one of limited jurisdiction. *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 997 (9th Cir. 2007). It possesses only that power authorized by the Constitution or a statute. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541, 106 S. Ct. 1326, 89 L. Ed. 2d 501 (1986). It is constitutionally required to raise issues related to federal subject matter jurisdiction, and may do so sua sponte. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-94 (1998); *see Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990). Removal

jurisdiction is governed by 28 U.S.C. § 1441 *et seq*.  A state court action can only be removed if it could have originally been brought in federal court.  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, (1987); *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996).  Thus, for an action to be removed on the basis of federal question jurisdiction, the complaint must establish either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of substantial questions of federal law.  *Franchise Tax Board of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 10-11 (1983).  Additionally, a federal court also has jurisdiction over an action involving citizens of different states when the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.

"The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  Whether federal jurisdiction exists is governed by the well-pleaded complaint rule. *Caterpillar*, 482 U.S. at 392.  The well-pleaded complaint rule is a "powerful doctrine [that] severely limits the number of cases in which state law 'creates the cause of action' that may be initiated in or removed to federal district court . . . ." *Franchise Tax Bd.*, 463 U.S. at 9-10.  Under this rule, the federal question must be "presented on the face of the plaintiff's properly pleaded complaint."  *Id.*; *accord Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002).

Here, Delgadillo indicates on the civil cover sheet (Doc. No. 1-1) that jurisdiction in this Court is based on a federal question.  However, the state court complaint does not allege any claim "arising under" federal law.  Instead, in the state court action, Plaintiff set forth a single cause of action for unlawful detainer–a claim that arises exclusively under state law.  Therefore, this Court does not have subject matter jurisdiction on the basis of federal question.

This leaves diversity of citizenship as the only available basis of jurisdiction in this Court.  As noted above, a federal court has jurisdiction over an action involving citizens of different states when the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.  The removing party has the

1  burden of establishing removal jurisdiction.  *Lowdermilk*, 479 F.3d at 997; *see Abrego Abrego v. The*
2  *Dow Chem. Co*, 443 F.3d 676, 682-83 (9th Cir. 2006) (the removing defendant has "'always' borne
3  the burden of establishing federal jurisdiction, including any applicable amount in controversy
4  requirement") (quoting *Gaus*, 980 F.2d at 566) ("Normally, this burden is satisfied if the plaintiff
5  claims a sum greater than the jurisdictional requirement").  The amount in controversy is determined
6  at the time of removal and is to be decided based on the allegations in the operative pleading.
7  *Lowdermilk*, 479 F.3d at 994.  In deciding the issue, the court treats claims for statutory damages by
8  considering only those damages actually recoverable under the facts alleged.  *See Sanchez v.*
9  *Monumental Life Ins. Co.*, 102 F.3d 398, 404-05 (9th Cir. 1996).

Delgadillo is a citizen of California.  In the notice of removal Delgadillo summarly claims that Plaintiff is not a citizen of California, so that Plaintiff and Defendant are citizens of different states for diversity jurisdiction purposes.  Delgadillo further asserts that the amount in controversy exceeds the requisite $75,000.  On the contrary, Plaintiff's verified complaint states that the amount demanded does <u>not exceed $10,000</u>, which is clearly under the $75,000 amount in controversy requirement.  Therefore, as the issue is whether Plaintiff's claim in the operative pleading (i.e., the complaint filed in state court) meets the amount in controversy requirement, diversity jurisdiction cannot be established.  Delgadillo has not shown that the state court action could have originally been brought in federal court; therefore, the Court must remand this action.

### CONCLUSION

Having carefully reviewed the notice of removal and the accompanying documents, the Court finds and concludes that it does not have subject matter jurisdiction over this action and the removal is procedurally defective.  Accordingly, the above captioned case is **REMANDED** to the Superior Court for the County of San Diego, case no. 37-2013-00030961-CL-UD-CTL.  The Clerk of Court is instructed to return the case to the state court forthwith and to close this action.

**IT IS SO ORDERED**.

DATED: June 3, 2013

*[signature]*

Hon. Michael M. Anello
United States District Judge